**P.O. Box 16577**
**Lake Charles LA 70616**
**(337) 433-9403**

| |
|---|
| Judgment on rehearing rendered and mailed to all parties or counsel of record on July 14, 2021 |

**REHEARING ACTION: July 14, 2021**

**Docket Number: 20   00357-CA**

**VESTA HALAY JOHNSTON, ET AL.**
**VERSUS**
**SUSAN HALAY VINCENT, ET AL.**

**Appealed from Calcasieu Parish Case No. 2015-4153**

**BEFORE JUDGES:**

> **Hon. Sylvia R. Cooks**
> **Hon. Elizabeth A. Pickett**
> **Hon. Shannon J. Gremillion**

As counsel of record in the captioned case, you are hereby notified that the applications

for rehearing filed by **(1) Vesta Halay Johnston, et al, (2) Martin Bryan Vincent, (3)**

**Gulf Coast Rubber and Gasket, and (4) Susan Halay Vincent** have this day been

> **GRANTED.**  (See majority opinion on rehearing also rendered this date)

cc: J. Rock Palermo, III, Counsel for the Appellant
    Turner D. Brumby, Counsel for the Appellant
    John Michael Veron, Counsel for the Appellant
    Rudie Ray Soileau, Jr., Counsel for the Appellee
    Hunter William Lundy, Counsel for the Appellee
    James David Cain, Jr., Counsel for the Appellee
    Thomas Patrick LeBlanc, Counsel for the Appellee

# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 20-357

VESTA HALAY JOHNSTON, ET AL.

VERSUS

SUSAN HALAY VINCENT, ET AL.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2015-4153
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

## ELIZABETH A. PICKETT
## JUDGE

**********

## ON REHEARING

**********

Court composed of Sylvia R. Cooks, Chief Judge, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

GRANTED IN PART; DENIED IN PART;
RENDERED; AND REMANDED
WITH INSTRUCTIONS.

**J. Michael Veron**
**Turner D. Brumby**
**Veron, Bice, Palermo & Wilson, LLC**
**721 Kirby Street**
**Lake Charles, LA 70601**
**(337) 310-1600**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Vesta Halay Johnston**
    **Lake Charles Rubber and Gasket Company, L.L.C.**

**Rudie R Soileau, Jr.**
**Hunter W. Lundy**
**Lundy, Lundy, Soileau & South**
**501 Broad Street**
**Lake Charles, LA 70601**
**(337) 439-0707**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Martin Bryan Vincent**

**Thomas P. Leblanc**
**Loftin & Leblanc, LLC**
**410 E. College Street, Suite A**
**Lake Charles, LA 70605**
**(337) 310-4300**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Gulf Coast Rubber and Gasket, L.L.C.**

**PICKETT, J.**

## ON REHEARING

We granted rehearing in this case to consider the propriety of our original opinion in light of issues raised by the defendants in their motion for rehearing. Upon reconsideration, we find merit in three of the issues raised by the defendants and that we erred in awarding judgment against Susan Halay Vincent; not clarifying that only the award for actual damages is trebled as provided in La.R.S. 51:1409; and awarding damages in favor of Vesta Halay Johnston for diminution in the value of her ownership interest in Lake Charles Rubber & Gasket, Co., L.L.C. (LCRG). We find no error with our awards of actual damages and unjust enrichment in favor of LCRG.

## DISCUSSION

Gulf Coast Rubber & Gasket Co., L.L.C. (GCRG) and Martin Bryan Vincent filed a motion for rehearing, asserting that this court erred in awarding judgment: 1) against Susan Halay Vincent; 2) trebling the damages awarded for unjust enrichment and for unproven damages for lost profits and unjust enrichment; and 3) granting judgment in favor of Vesta Halay Johnston, individually.

GCRG points out that LCRG's claims against Ms. Vincent were the subject of a prior appeal, which resulted in her not being a party to this appeal. *See Johnston v. Vincent*, 19-55 (La.App. 3 Cir. 5/20/20), __ So.3d __, *writ denied*, 20-1344 (La. 2/9/21), 310 So.3d 182. Accordingly, our original opinion is amended to reflect that judgment herein is rendered against GCRG and Martin Bryan Vincent only.

Next, GCRG urges that only an award made for actual damages may be trebled. Our original opinion did not distinguish between actual damages and damages for unjust enrichment when awarding LCRG treble damages. The Louisiana Unfair Trade Practices Act (LUTPA), La.R.S. 15:1401-1430, in La.R.S. 51:1409(A) provides for the recovery of actual damages which may be trebled "[i]f the court finds the unfair or deceptive method, act, or practice was knowingly used, after being put on notice by the attorney general." In contrast, the Louisiana Unfair Trade Secrets Act (LUTSA), La.R.S. 15:1431-39, allows recovery of "damages for the actual loss caused by misappropriation" of trade secrets and for "unjust enrichment caused by misappropriation that is not taken into account in computing damages for actual loss." La.R.S. 51:1433. These provisions do not use exactly the same terminology, but together they evidence a distinction between actual damages or actual losses as opposed to unjust enrichment for purposes of treble damages. Accordingly, our opinion is amended to provide that only the award of $3,850,046 for lost profits is trebled.

Turning to GCRG's next argument that LCRG's forensic and accounting expert failed to acknowledge that GCRG started a new company with knowledgeable, experienced, and enthusiastic employees who got the new company up and running in less than thirty days such that it was able to compete head-to-head against LCRG, the evidence shows otherwise. This claim is contradicted by the evidence, which shows that GCRG copied and extensively used LCRG trade secrets and engaged in unfair trade practices to compete against GCRG. Nor is it supported by the testimony of any customer. Additionally, the claim is belied by the fact that in at least one instance, GCRG sales personnel directed an employee of one of LCRG's largest customers to obtain private

2

confidential information from LCRG, copy it to omit the confidentiality notice, and provide it to GCRG so that GCRG could convert the information to its own use and bid directly against LCRG for the customer's business. As a result of its wholesale misappropriation of LCRG information and unfair trade practices, GCRG was more akin to a second location of LCRG with different management than a new business. Accordingly, LCRG's expert appropriately considered income GCRG earned from its acquisition and continued use of LCRG's information in formulating his opinions and calculating LCRG's damages. Importantly, on rebuttal, LCRG's expert addressed concerns raised by GCRG regarding his inclusion of income it derived on its own and not as a result of use of LCRG's proprietary information by adjusting his initial calculations to insure that his testimony accurately reflected the damages it caused LCRG.

Lastly, GCRG urges that Vesta Halay Johnston, as the owner of a limited liability corporation, is not entitled to damages for the diminished value of her ownership interest in LCRG. The Louisiana Limited Liability Company Law, La.R.S. 12:1301-1370 provides, in part, that a member is not a proper party in a suit for damages caused to the company, except in limited circumstances not present here, even when the member's ownership interest in the corporation has been diminished as a result of those damages. *See* La.R.S. 12:1320(C); *Glod v. Baker*, 02-988 (La.App. 3 Cir. 8/6/03), 851 So.2d 1255, *writ denied*, 03-2482 (La. 11/26/03), 860 So.2d 1135. *Glod* recognized that there are circumstances in which a shareholder may be able to recover damages for a personal loss. The court clarified, however, that is the case only when the shareholder's claim is based on breach of a contract between the shareholder and the corporation and its directors *and* the corporation did not suffer a loss as LCRG did here. Therefore, Vesta

3

Halay Johnston is not entitled to damages for the diminution of her ownership interest in LCRG.

## DISPOSITION

For the reasons discussed, the motion for rehearing filed by Gulf Coast Rubber & Gasket Co., L.L.C. and Martin Bryan Vincent is granted in part and denied in part. Our original opinion is amended to state:

Lake Charles Rubber & Gasket, Co., L.L.C. is awarded judgment against Gulf Coast Rubber & Gasket Co., L.L.C. and Martin Bryan Vincent in the amount of $3,850,046 for lost profits, which award is trebled as provided by La.R.S. 51:1409(A) for a total of $11,550,138; $8,024,746 for unjust enrichment; reasonable attorney fees; and all court costs. Vesta Halay Johnston's claim for damages is denied. The matter is remanded to the trial court to determine Lake Charles Rubber & Gasket, Co., L.L.C.'s reasonable attorney fees.

**GRANTED IN PART; DENIED IN PART; RENDERED; AND REMANDED WITH INSTRUCTIONS.**